UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CRYSTAL N. MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| CACH, LLC and ) | |
| TAYLOR LAW, PLLC, ) | Jury trial demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Crystal N. Miller ("Plaintiff") is a natural person who resides in Grainger County, Tennessee and a "consumer" as defined by **15 U.S.C. § 1692a(3).**

5. CACH, LLC ("CACH") is a "debt collector" as defined by **15 U.S.C. § 1692a(6).**

6. Taylor Law, PLLC ("Taylor") is a "debt collector" as defined by **15 U.S.C. § 1692a(6).**

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and therefore a "debt" (**15 U.S.C. § 1692a(5)**), which debt was allegedly originally owed to or serviced by MBNA America, N.A., which was acquired by Bank of America ("BOA").[1]

8. After the debt became delinquent, CACH allegedly purchased the debt from BOA for purposes of collection from Plaintiff, and engaged in collection activity by credit reporting the debt and retaining Taylor to attempt collection of the debt from Plaintiff.

---

[1] The Office of the Comptroller of the Currency ("OCC") supervises BOA.

9. Taylor regularly engages in the collection of delinquent consumer debts owed or due or asserted to be owed to others by making telephone calls and sending collection letters, and prosecuting collection lawsuits, causing garnishments and levies to be issued and recording judgment liens against consumers that show its clients as the named plaintiff, and, as an agent of CACH, attempted to collect the debt from Plaintiff.

*Failure to Send Written Notice Required by 15 U.S.C. § 1692g(a)(2)*

10. On or about November 13, 2013, Taylor sent Plaintiff a collection letter dated November 13, 2013. **Copy filed as Exhibit 1 (hereinafter "Doc. 1-1").**

11. The November 13, 2013 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication". **15 U.S.C. § 1692a(2).**

12. The November 13, 2013 collection letter stated:

    Current Creditor: CACH, LLC
    Original Creditor: MBNA America, N.A.
    Current Balance: $14,021.69

13. The November 13, 2013 collection letter further stated:

    We have been retained by CACH, LLC to collect the amount owed on the above referenced account.

    . . .

    Our client informs us that your current balance is $14,021.69."

14. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier).[2]

15. Charge off means a credit card receivable is no longer carried as asset on a bank's books.

16. On information and belief, the standard credit card agreements used by BOA provides it may change the terms from time to time as permitted by law, and changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice to the consumer.

17. On information and belief, as a standard practice, and for a variety of sound business reasons, BOA waives interest on credit card debts after charge off.

18. The reasons for waving interest include the following:

    (a) BOA did not, and does not want to increase the amount of bad debts on its books, for regulatory reasons.

    (b) BOA is required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to an account. 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the

---

[2] See OCC Bulletin 2000-20, "Uniform Retail Credit Classification and Account Management Policy: Policy Implementation" (June 20, 2000), 65 FR 36903.

creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account...."). Banks, such as BOA, generally prefer to waive interest and save the expense of preparing and sending statements.

(c) Prior to the amendment of 12 C.F.R. §226.5(b)(2), the obligation to issue statements on an account continued until the creditor "[deemed] it uncollectible," or instituted legal proceedings. The addition of interest could be construed as meaning that the debt was not deemed uncollectible. See 26 C.F.R. §1.6050P-1.

19. On information and belief, BOA, in accord with standard business practices, prudentially waived interest on Plaintiff's credit card debt, after charge off.

20. On information and belief, BOA, in accord with standard business practices, did not provide periodic statements to Plaintiff after the date of charge off that showed an amount owed greater than $13,329.00.

21. Experian, Equifax and TransUnion are each a consumer credit reporting agency pursuant to **15 U.S.C. § 1681a(f)**, and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

22. Plaintiff obtained copies of her Equifax credit report dated January 21, 2014, and Experian and TransUnion credit reports dated March 19, 2014, all which showed BOA was reporting the debt had been charged off in the amount of $13,328.00 in June 2012.

23. The credit reports also showed that BOA had not reported an increase of that amount since the debt was charged off, confirming that BOA took voluntary actions demonstrating an intention to waive interest charges post charge off.

24. CACH only took what BOA could give. If BOA waived interest post charge off, CACH acquired the debt subject to that waiver.

25. On information and belief, the amount of the debt CACH allegedly purchased from an assignee of BOA did not include post charge off interest.

26. On information and belief, CACH paid a price for the debt it purchased based on the balance stated by BOA or an assignee of BOA.

27. CACH was not entitled to collect any interest BOA would not have collected after charge off. *Westgate v. Maryland Casualty Co.,* 147 F.2d 177, 181 (6th Cir. 1945) held that "it is an equitable maxim that he who takes the place of another as to any right or property holds it subject to all the rights of the assignor."

28. CACH may not seek more than that amount on account of interest that BOA had waived the right to add. See, *Binswanger Southern (NC) Inc. v. Textron*

*Inc.*, 860 S.W. 2d 862 (Tenn. Ct. App. 1993) ("[A]n assignee of a non-negotiable chose in action, such as a contract, steps into the shoes of his assignor and takes his assignor's rights subject to all defenses which may be asserted against the assignor in an action to enforce the right. *Id.* at 865, citing, *Third Nat'l Bank v. Capitol Records, Inc.,* 60 Tenn.App. 189, 445 S.W.2d 471 (1969)); *United States v. General Motors Corp.*, 929 F.2d 249, 252 (6th Cir. 1991) ("[T]he rights of the assignor and the assignee are fixed at the time of the notification of the assignment."); *Stratton v. Portfolio Recovery Assoc., LLC*, 2014 U.S. App. LEXIS 20517, at *10-11 (6th Cir., Oct. 24, 2014) ("PRA cannot be given a right to collect interest—contractual or statutory—that GE waived.")

29. On information and belief, the alleged debt Plaintiff purportedly owes was allegedly sold to CACH with a given face value no greater than $13,329.00, and that was the balance owed on the debt that CACH was communicating to Equifax, as of January 2014, and to Experian and TransUnion as of March 2014.

30. Despite this acknowledgement that the debt owed by Plaintiff was no greater than $13,329.00, Taylor stated it its November 13, 2013 collection letter that "[o]ur client [CACH] informs us that your current balance is $14,021.69."

31. The November 13, 2013 collection letter is the "initial communication" from Taylor in connection with collection of the debt.

32. Within five (5) days after Taylor sent the initial communication in the form of the November 13, 2013 collection letter, Plaintiff had not paid the debt.

33. Taylor's initial communication failed to disclose the correct amount of the debt.

34. By failing to send Plaintiff a written notice containing the amount of the debt within five (5) days after sending the initial communication, Taylor violated 15 U.S.C. § 1692g(a)(2).

*Summary*

35. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

# CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692g(a)(2)

37. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

39. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692g(a)(2)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/18/14                             Respectfully submitted,

**CRYSTAL N. MILLER**

/s/ Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
PO Box 1357
Talbott, TN 37877-1357
(423) 581-0924
alee@tndebtdefense.com